**CLEVELAND TRUST CO. v. COE, Commissioner of Patents.**

**No. 65530.**

District Court of the United States for the District of Columbia.

Aug. 9, 1940.

H. F. McNenny, of Cleveland, Ohio, and Watts T. Estabrook, of Washington, D. C., for plaintiff.

W. W. Cochran and H. S. Mackey, both of Washington, D. C., for defendant.

MORRIS, Justice.

This proceeding was instituted under the provisions of Section 4915 of the Revised Statutes of the United States, 35 U.S.C.A. § 63. The plaintiff acquired, by assignments, the interest of Frank Jardine in an application for letters patent, filed by the said Jardine in the United States Patent Office on January 6, 1926, and designated as Serial No. 79,526. During the pendency of such application, the said Jardine, on or about the 22nd day of October, 1932, filed in said office a continuation of said application, which continuation application was given a filing date of October 22, 1932, and designated as Serial No. 639,139. This application related to a construction of a piston for internal combustion engines, certain parts of which, composed of a material having a relatively high co-efficient of heat expansion, so associated with a material of a relatively lower co-efficient of heat expansion as to eliminate seizing or binding in the operation of the piston.

The claims here under consideration are 1 to 23, inclusive, all of which were rejected by the primary examiner, whose action on appeal was affirmed by the Board of Appeals of the United States Patent Office. The grounds for the rejection are that claims 1 to 8, inclusive, and 17, 18, 19 and 20 are unpatentable over the applicant's prior patent No. 1,759,508, dated May 20, 1930, in which application was filed September 23, 1926. In connection with the application on such prior patent, an interference was declared with respect to certain claims in the application of Adolph L. Nelson, filed June 5, 1923, and resulting in patent No. 2,006,008, dated June 25, 1935. This interference was decided in favor of Nelson and adverse to Jardine. It was, therefore, considered that the claims in the instant case must be rejected on the ground that the applicant is not entitled to any claims which are distinguished from the piston already patented to him only by features found in the piston disclosed by Nelson.

Claim 13 (and other claims also rejected on other grounds) was rejected as misdescriptive and misleading. Claims 9 to 12, inclusive, 14 to 16, inclusive, and 21 to 23, inclusive, were rejected as unpatentable on the ground of res judicata and estoppel. It was considered that these claims were drawn to cover substantially the same subject matter as the claims of Adolph L. Nelson in patent No. 1,771,859, dated July 29, 1930, the application for which was filed August 15, 1928, and designated as Serial No. 299,719.

During the prosecution of applicant's original application, Serial No. 79,527, certain claims (numbered 6 and 7) of the Nelson patent, No. 1,771,859, were copied and presented for interference purposes, and interference with said Nelson patent was denied and said claims were rejected on the ground that they were unsupported by the applicant's disclosures. The rejection was made final and appeal was taken to the Board of Appeals, which affirmed the rejection, and no appeal was taken from the Board's decision. The close identity between the claims in the instant case here under discussion and the claims taken from the Nelson patent just referred to is set forth in parallel columns in the examiner's statement in the instant case and need not be here repeated.

It is the view of the examiner in the instant case that the plaintiff ought not to be allowed, in the application on the patent here under consideration, in effect, to re-open the question of an interference with the Nelson patent in view of his failure to appeal from the action of the Patent Office in that proceeding. In the respects here mentioned, the action of the examiner was affirmed by the Board of Appeals.

The plaintiff insists that the action of the examiner is erroneous and not supported by a proper analysis of the structures now described in the claims, but this has not satisfactorily been shown. In these circumstances, I cannot in effect set aside the action of the administrative authority, which is presumably correct until the contrary is shown. The bill will be dismissed.