### CLEVELAND TRUST CO. v. COE, Commissioner of Patents.

### No. 65530.

District Court of the United States for the District of Columbia.

Jan. 15, 1941.

For original opinion, see 34 F.Supp. 407.

H. F. McNenny, of Cleveland, Ohio, and Watts T. Estabrook, of Washington, D. C., for plaintiff.

W. W. Cochran and H. S. Mackey, United States Patent Office, both of Washington, D. C., for defendant.

MORRIS, Associate Justice.

Subsequent to the original hearing of this cause, a memorandum opinion (34 F.Supp. 407) was written, in which it was stated that, with respect to claims 9 to 12, inclusive, 14 to 16, inclusive, and 21 to 23, inclusive, the relief sought by the plaintiff should be denied for the reason that it had not been satisfactorily shown to the court that the action of the Commissioner of Patents with respect to these claims was erroneous. These claims were originally rejected as unpatentable by the examiner on the ground of res judicata and estoppel. That conclusion arose in this way: During the prosecution of applicant's original application, Serial No. 79,527 (of which the application here involved is a continuation), certain claims (numbered 6 and 7) of the Nelson patent No. 1,771,859 were copied and presented for interference purposes, and said claims were rejected on the ground that they were unsupported by the applicant's disclosures. This rejection was made final, and appeal was taken to the Board of Appeals, which affirmed the rejection, and no further appeal was taken. Although not stated in the original opinion, all of the remaining claims of the Nelson patent were copied and presented for interference purposes by plaintiff in a co-pending application of Frank Jardine et al., Serial No. 79,800, filed January 7, 1926. These claims were likewise rejected on the ground that they were unsupported by the Jardine disclosure. This rejection was affirmed by the Board of Appeals and subsequently, on appeal, by the Court of Customs and Patent Appeals. The Patent Office ruled as to all of the claims of the said Nelson patent that the same were limited to a species not disclosed in the Jardine application, Serial No. 79,527, and that there should be no interference proceedings between the claims in the Nelson patent referred to and the structure disclosed in the application in suit. No effort was made by the applicant to amend his claims sought to be used for the purpose of interference proceedings with the Nelson patent so as to set forth those claims involved in the present suit and here under consid-

eration. For this reason, the examiner concluded that, to consider such claims now, would in effect re-open the question of an interference with the Nelson patent and, as has been stated, this view was affirmed by the Board of Appeals. A different conclusion was not reached in these proceedings because it was not satisfactorily shown to this court in what respect such action was erroneous.

Several months after the rendition of the original opinion herein, proposed findings of fact were submitted by the respective parties, and during the consideration of such proposed findings a very serious question arose in my mind as to whether or not the action of the plaintiff, or the applicant under whom claim is made, in the proceedings in the Patent Office constituted such estoppel by judgment as would preclude it from seeking the relief which it does in these proceedings respecting the claims here under consideration. A rehearing of the cause was thereupon directed, which rehearing was held on January 11, 1941. It now appears, as a result, of such rehearing, that the Patent Office, in effect, held that, between the claims of the Nelson patent and the structure disclosed by the applicant, there was such a difference that no purpose could be served by an interference proceeding to determine priority between the two. The claims here involved admittedly describe the structure disclosed by the plaintiff and admittedly show the difference which, in the proceedings in the Patent Office, were said to exist between the Nelson claims and the plaintiff's structure. To have sought an amendment to the interference proceedings by setting up the claims here involved would have, in effect, accomplished no more than to recognize the difference which, in the former proceedings in the Patent Office, were said to exist.

It is difficult, therefore, now for me to see how the failure to take such action in the interference proceedings should preclude the plaintiff from asserting his right to a patent on a structure which in those proceedings was recognized to be different. Indeed, if any estoppel at all should arise from such proceedings, it would seem that it would be to· preclude the Patent Office from now asserting that the structure of the plaintiff is so like that described in the Nelson claims that an interference proceeding should· have been had between the two. I am, therefore, now con-

vinced that the action of the Commissioner of Patents in rejecting the claims here being considered on the ground of res judicata and estoppel was erroneous, and I must modify the decision in this case accordingly.

Claims 10 and 14 were rejected by the Patent Office, not only on the ground of res judicata and estoppel, but on the further ground that they were misleading and misdescriptive. So, the original disposition of those two claims in these proceedings will not be disturbed. The plaintiff will be granted the relief prayed for in these proceedings with respect to the other claims herein discussed, and denied the relief sought with respect to the remaining claims described in the bill of complaint herein.